IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


GARY D. BEARDEN,

          Plaintiff,                      CV F 06 1090 AWI  WMW   P

    vs.                            FINDINGS AND RECOMMENDATION


LINDA SMART,

          Defendant.



Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

By order filed May 8, 2007, plaintiff was directed to file an application to proceed in forma pauperis within thirty days.  The thirty day period has now expired, and plaintiff has not filed an application to proceed in forma pauperis.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a

1   party's failure to prosecute an action, failure to obey a court order, or failure to comply with

2   local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for

3   noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

4   (dismissal for failure to comply with an order requiring amendment of complaint); Carey v.

5   King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule

6   requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833

7   F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v.

8   Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and

9   failure to comply with local rules).

10           In determining whether to dismiss an action for lack of prosecution, failure to obey a

11   court order, or failure to comply with local rules, the court must consider several factors: (1) the

12   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

13   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

14   their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

15   Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

16   46 F.3d at 53.

17           In the instant case, the court finds that the public's interest in expeditiously resolving

18   this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The

19   third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

20   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

21   Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy

22   favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of

23   dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

24   court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

25   Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

26

1  court's order requiring plaintiff to file an application to proceed in forma pauperis expressly

2  stated: " failure to comply with this order will result in a recommendation that this action be

3  dismissed." Thus, plaintiff received adequate warning that dismissal would result from his

4  noncompliance with the court's order.

5       Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

6  plaintiff's failure to obey a court order.

7       These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within

9  twenty days after being served with these findings and recommendations, Plaintiff may file

10  written objections with the court.   Such a document should be captioned "Objections to

11  Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file

12  objections within the specified time may waive the right to appeal the District Court's order.

13  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

14

15

16  IT IS SO ORDERED.

17  **Dated:   August 2, 2007**              **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26